IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER CODY LESTER,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00039 |
| ) | |
| v. ) | |
| ) | **By: Michael F. Urbanski** |
| **PENNY ELAINE NIMMO, et al.,** ) | **Chief United States District Judge** |
| Defendants. ) | |

## MEMORANDUM OPINION

Christopher Cody Lester, a Virginia inmate proceeding pro se, initiated this action by filing a form complaint under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

### I. Background

Lester is incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. According to the amended complaint, Lester's parental rights were terminated as a result of proceedings in state court. See Am. Compl., ECF No. 7, at 3. He provides the following summary of his claims:

> Falsely accusing of wrongdoing
> Conflict of interest
> Purgery + loss of all rights to kid

Id. He names as defendants Penny Nimmo, his "paid lawyer"; Jim Shortt, the guardian ad litem assigned to the case; TJ O'Brien, his first "paid lawyer"; Travis Cross, a counselor with Healing Waters Counseling Center; Police Officer Matt Whited; the Richlands, Virginia Police Department; the Russell County Department of Social Services ("DSS"); DSS workers Barbara

Marlette and Liz Vance; Mary K. Patton, an attorney for the Russell County DSS; the Russell County Circuit Court; Michael Moore, Chief Judge of the Russell County Circuit Court; and Eddie Bleavens, an Abingdon, Virginia probation officer. Id. at 1–2.

In a statement accompanying the amended complaint, Lester asserts that Nimmo, Shortt, and O'Brien had conflicts of interest that prevented them from properly representing him or his child. He alleges that Nimmo previously represented his "soon to be ex mother in law," that Shortt assisted with a trespassing charge brought against Lester as a juvenile, and that O'Brien attempted to have romantic relationships with both his wife and his sister. Id. at 4.

Lester claims that Whited provided false testimony under oath and that Bleavens, his probation officer, "came to court" but "made no attempt to help." Id. at 4–5. Similarly, Lester asserts that Marlette and Vance lied during the court proceedings and that Patton falsely asserted that Lester "refused help while locked up." Id. at 5.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

### A. Russell County Circuit Court, Russell County DSS, and Richlands Police Department

The court will first address the claims asserted against state and municipal entities. "[I]t is well settled that a state court is not a 'person' subject to suit under § 1983." Bradley v. Virginia, No. 7:19-cv-00253, 2019 WL 1460921, at *2 (W.D. Va. Apr. 2, 2019). The same is true for the Russell County DSS. See Manning v. S.C. Dep't of Highway & Pub. Transp., 914 F.2d 44, 48 (4th Cir. 1990) (explaining that state agencies are not "persons" amenable to suit under § 1983); Doe v. Mullins, No. 2:10-cv-00017, 2010 WL 2950385, at *1 (W.D. Va. July 22, 2010) (holding that the Wise County Department of Social Services was "properly characterized as an arm of the state" and therefore "not [a] 'person[]'" subject to liability under § 1983). Accordingly, neither entity is a proper defendant in this action.

3

The Richlands Police Department is also not a proper defendant. State law determines whether a governmental body has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b). "In Virginia, departments of municipal governments are not capable of being sued in their own names." Allmond v. Sec. 8 Dep't of Hous., No. 1:03-cv-00894, 2003 WL 23784041, at *2 (E.D. Va. Sept. 25, 2003). Accordingly, federal district courts have routinely "dismissed claims against police departments in Virginia, holding that they lack the capacity to be sued." Lucas v. Henrico Cnty. Pub. Sch. Bd., No. 3:18-cv-00402, 2019 WL 5791343, at *3 (E.D. Va. Nov. 6, 2019) (collecting cases); see also Wynn v. City of Richmond, No. 3:21-cv-00530, 2022 WL 2318497, at *5 (E.D. Va. June 28, 2022) ("No Virginia statute or regulation allows the Richmond Police Department to be sued separately from the City of Richmond. Therefore, the Court will dismiss all Counts against RPD."). Consistent with these decisions, the court concludes that the claims against the Richlands Police Department must be dismissed because this defendant does not have the capacity to be sued separately from the Town of Richlands.

Even if Lester had named the Town of Richlands as a defendant instead of the Richlands Police Department, his claim would be subject to dismissal under Monell v. Department of Social Services, 436 U.S. 658 (1978). In Monell, the Supreme Court held that municipalities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, 436 U.S. at 691). Instead, they are responsible only for their "own illegal acts." Owens v. Balt. City State's Attys. Office, 767 F.3d 379, 402 (4th Cir. 2014) (citing Monell, 436 U.S. at 691). Thus, Monell bars any § 1983 claim against the Town of Richlands that is based solely on its employment relationship with a police officer or other employee.

### B. Attorneys

The complaint does not allege facts from which the court could conclude that any of the named attorneys acted "under color of state law." West, 487 U.S. at 48. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Moreover, an attorney, whether retained or appointed by the court, does not act under color of state law when performing traditional functions as counsel. See Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) (explaining that "[p]rivate lawyers do not act 'under of color of state law' merely by making use of the state's court system"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983) (emphasis in original); see also Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986) (concluding that "a guardian ad litem is not acting under color of state law for purposes of § 1983").

Even if the guardian ad litem and the attorney for the Russell County DSS were considered state actors, they would be entitled to immunity for duties performed in those roles. See Fleming, 42 F.3d at 889 (holding that the defendant, while acting as the guardian ad litem, was immune from liability even if she lied to the judge in open court); Shirley v. Drake, 1999 WL 202671, at *2 (4th Cir. Apr. 12, 2009) (explaining that "[p]rosecutors are absolutely immune from civil liability under § 1983 when they are performing functions which are 'intimately associated with the judicial phase of the judicial process'" and that "[a]n attorney for the state who represents DSS in a proceeding involving the alleged abuse and neglect of a

5

child is entitled to the same protection in her advocacy role that she would have if she were representing the state in a criminal proceeding") (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

### C. Judge Moore

Along the same lines, the doctrine of judicial immunity bars any claim against Judge Moore. "The Supreme Court has held that judges are absolutely immune from suit for deprivation of civil rights brought against them under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted). For purposes of judicial immunity, the scope of a judge's jurisdiction is construed broadly. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (internal quotation marks and citation omitted).

Here, there is no plausible suggestion that Judge Moore acted outside his judicial capacity or in the clear absence of all jurisdiction. Accordingly, the judge is entitled to absolute immunity.

### D. Matt Whited, Travis Cross, and the DSS Workers

Lester's complaint also fails to state a plausible claim for relief under § 1983 against Officer Matt Whited, Counselor Travis Cross, and the DSS workers, all of whom are accused of providing false testimony in state court. "[T]he Supreme Court has specifically held that police officers are immune from an action arising under § 1983 for alleged perjury." Smith v. McCarthy, 349 F. App'x 851, 858 n. 10 (4th Cir. 2009) (citing Briscoe v. LaHue, 460 U.S. 325,

342–43 (1983)). For similar reasons, Cross and the DSS workers are immune from liability for any testimony provided during the course of the state proceedings. See Stem v. Ahearn, 908 F.2d 1, 6 (5th Cir. 1990) (holding that "adverse testimony at a child-custody hearing . . . constitutes witness testimony that is absolutely immune from section 1983 liability") (citing Briscoe, 460 U.S. at 342–47).

### E. Probation Officer Bleavens

Finally, the complaint fails to state a claim against Lester's probation officer, Eddie Bleavens. Lester alleges that Bleavens "came to court" but made "no attempt to help [him]," even though Lester was "working" and doing well. Am. Compl. at 5. Lester's allegations against Bleavens do not make out a plausible constitutional violation. And to the extent that Bleavens appeared as a witness during the course of the state proceedings, he is immune from liability for any claim based on his testimony. Id.

### IV. Conclusion

For the foregoing reasons, the court concludes that the amended complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: March 31, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.03.31 14:56:46 -04'00'

Michael F. Urbanski
Chief United States District Judge